**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

KODAR, LLC, PHOENIX AVIATION
MANAGERS, as Subrogee of KODAR, LLC
AND OLD REPUBLIC INSURANCE
COMPANY, as Subrogee of KODAR, LLC,
                Plaintiffs,


     v.                                          C.A. No. 11-119-ML

UNITED STATES OF AMERICA (FEDERAL
AVIATION ADMINISTRATION) AND
STUART GITLOW,
                Defendants,
and
STUART GITLOW, M.D.,
                Third-Party Plaintiff,
     v.

RICHARD DARCHE,
                Third-Party Defendant,
and
GLOBAL AEROSPACE, INC.,
                Third-Party Plaintiff,

     v.

RICHARD DARCHE, THE UNITED STATES
OF AMERICA and THE FEDERAL
AVIATION ADMINISTRATION,
                Third-Party Defendants.


**MEMORANDUM AND ORDER**

    This litigation arose out of the June 6, 2008 collision between two private airplanes, a 1986 Beechcraft A36 Bonanza, FAA registration N27199 (the "Bonanza") and a Piper PA-30 Twin Comanche, FAA registration N7660Y (the "Comanche") at North Central State Airport in Smithfield, Rhode Island ("North Central"). The

Bonanza was owned by KODAR, LLC, a New Jersey corporation ("KODAR"), and it was insured by Old Republic Insurance Company ("Old Republic") through its wholly owned subsidiary and managing agent Phoenix Aviation Managers, Inc. ("Phoenix"), a Georgia corporation. On the day of the accident, the Bonanza was operated by Richard J. Darche ("Darche"), a principal shareholder of KODAR. The Comanche was owned and operated by Stuart Gitlow, M.D. ("Gitlow"); and it was insured by Global Aerospace, Inc. ("Global"). According to the Complaint (Docket # 1), as the Bonanza was in the process of departing, it was struck on the left side by the Comanche which had just landed. Complaint ¶ 31. The Bonanza was totaled, resulting in a loss of $288,892. Id. ¶ 32.

The case is before the Court on the motion (Docket # 33) by the United States of America and the Federal Aviation Administration (together, the "FAA") for (1) partial dismissal of Gitlow's amended counterclaim (Docket # 22) for lack of subject matter jurisdiction, and (2) for dismissal of Global's third-party complaint (Docket # 21).

## I. Summary Background Facts

Although the various parties disagree about the exact sequence of events, the general facts of the collision appear to be essentially undisputed. On June 6, 2008, Darche was piloting the Bonanza for a planned flight from North Central - which does not

have an air traffic control tower[1] - to Morristown, New Jersey.
Complaint ¶ 15.  At the same time Darche was getting ready for
take-off, Gitlow, who was piloting the Comanche from Nantucket
Airport to North Central, was getting ready for approach and
landing.  Id. ¶ 16, 21.  Darche asserts that he was given clearance
from traffic control personnel to depart from Runway 5.  Id. ¶ 23.
He also states that traffic control personnel failed to advise him
that the Comanche was in the process of approaching and landing, or
to advise Gitlow that the Bonanza was getting ready for departure.
Id. ¶¶ 24,25.  According to Darche, the Bonanza was in the process
of its takeoff roll to depart Runway 5 when the aircraft was struck
on the left side by the Comanche.  Id. ¶ 31.

Global, the insurer of the Comanche, asserts that, as a result
of Darche's negligence, the Bonanza struck the Comanche and
destroyed that aircraft completely.  Global's Third-Party Complaint
(Docket # 21) ¶ 7.  Global also alleges that air traffic control
personnel monitoring air traffic at North Central failed to obtain
and disseminate information regarding the two aircraft and that
such negligence resulted in the collision.  Id. ¶¶ 15, 16.
Likewise, Gitlow, in his third-party complaint against Darche and
in his amended cross-claim against the FAA, asserts that Darche

_____

[1]

North Central does not have its own air traffic control
facility.  Instead, the Providence approach control facility of the
FAA provides air traffic control services to IFR flights to and
from North Central.  Id. at 17.

3

operated the Bonanza negligently and/or that the negligence of air traffic personnel resulted in the release of the Bonanza into the path of the landing Comanche.  Id. ¶¶ 12,13.

## II. Procedural History

On June 2, 2010, the FAA received an administrative claim from Kodar and Phoenix for the damage to the Bonanza.  FAA's Motion to Dismiss (Docket # 33) at 2.  On March 22, 2011, Darche, Kodar, and Phoenix (together, the "Plaintiffs") filed negligence claims against the FAA and Gitlow.  With respect to the FAA, the Plaintiffs alleged that air traffic personnel responsible for providing air traffic control services in and out of North Central failed to inform or relay information regarding the Bonanza's departure and the Comanche's arrival.  Id. ¶ 36.  According to the Plaintiffs, as a result of the alleged negligence, the Bonanza was cleared for takeoff and released into the path of the landing Comanche.  Id. ¶ 37.  With respect to Gitlow, the Plaintiffs asserted that Gitlow cancelled his IFR [instrument flight rules] flight plan shortly before engaging in a final GPS Alpha approach. Complaint ¶¶ 42 - 47.  According to the Plaintiffs, Gitlow failed to broadcast or announce the details of his final approach and landing procedure on the Common Traffic Advisory Frequency, and he failed to monitor for announcements regarding the Bonanza's planned takeoff.  Id. ¶ 48.

The FAA filed an answer to the Complaint on May 20, 2011

(Docket #8), asserting a number of affirmative defenses, including lack of subject matter jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680 (a) and (h). Id. at 10.

On September 16, 2011, Gitlow filed an answer to the Complaint and a cross claim against the FAA. (Docket # 14). Gitlow brought claims of Indemnity (Count I) and for Contribution (Count II), asserting that, if it were determined that the Plaintiffs were damaged as result of Gitlow's negligence, he was entitled to indemnification because of the FAA's primary negligence. Id. at 6.

On October 6, 2011, Global - which was not a party to the litigation - filed a third-party complaint against Darche for negligence and against the FAA for negligence, indemnification, and contribution. (Docket # 21). Global asserted that Darche operated the Bonanza aircraft negligently and that Global suffered a loss of $73,638 as a result - the amount it had to pay to Gitlow under an insurance policy, minus salvage proceeds. Global Complaint at ¶¶ 6-9. Further, Global alleged that, through the negligence of certain air traffic personnel responsible for monitoring and/or directing flights at North Central, the Bonanza was released into the path of the landing Comanche aircraft. Id. at ¶¶ 15,16.

Also on October 6, 2011, Gitlow filed a third-party complaint against Darche. (Docket # 22). Gitlow stated that, as a result of Darche's negligence, Global had been required to pay to Gitlow the sum of $90,750, but that the fair market value of the Comanche

significantly exceeded such an amount. Gitlow Complaint p. 3, ¶ 9. For the first time, Gitlow also asserted that he had suffered bodily injury, lost time from work, and that he had incurred medical expenses. Id. ¶ 12. Within the complaint, Gitlow also amended his cross claim against the FAA for indemnification (Count I) and contribution (Count II) by adding claims for monetary losses and bodily injury (Count III). Id. at 4-9.

In response, on October 20, 2011, the FAA filed an answer (Docket # 23) to Gitlow's amended cross claim, generally denying Gitlow's allegations and asserting various affirmative defenses. Inter alia, the FAA asserted that Gitlow had "failed to comply with the provisions of 28 U.S.C. §§ 2675 (a), 2401(b)[2]. This time, the

---

[2]

Section 2675 (a) provides:
    An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

Section 2401(b) provides:
    A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the

FAA also brought a counterclaim against Gitlow for indemnity and contribution. On the same day, the FAA responded to Global's third-party complaint against it, (Docket # 24), in which it again asserted counterclaims against Gitlow. Gitlow filed responses to both counterclaims on November 1, 2011 (Docket ## 25, 26).

On February 20, 2012, Darche responded to Global's third-party complaint against him and the FAA, asserting various affirmative defenses, including that Global's claims were barred by the statute of limitations. (Docket # 30). On the same date, Darche also responded to Gitlow's third-party complaint against him (Docket # 22), asserting some of the same affirmative defenses. (Docket #31).

On April 3, 2012, the FAA filed a motion for partial dismissal of Gitlow's amended counterclaim for lack of subject matter jurisdiction and for dismissal of Global's third-party complaint. (Docket # 33). Gitlow and Global responded in opposition to that motion on April 20, 2012 (Docket # 36), and the FAA filed a reply thereto on April 30, 2012 (Docket #38).

In the interim, on April 16, 2012, Darche filed a motion to strike Global's third-party complaint against him (Docket #34), followed by a motion for partial summary judgment on statute of limitations grounds (Docket # 35) as to Gitlow's third-party

agency to which it was presented.

complaint against Darche.[3]  On May 3, 2012, Global filed a response in opposition to Darche's motion to strike (Docket # 39).  Gitlow also filed a response opposing Darche's motion for partial summary judgment on May 4, 2012. (Docket # 41).  On May 11, 2012, Darche filed a reply thereto (Docket # 43).

## III.  Standard of Review

The dismissal of a complaint is governed by Rule 12 of the Federal Rules of Civil Procedure.  A motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is reviewed under the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Sanchez ex rel. D.R. - S. v. United States, 671 F.3d 86, 107 (1st Cir. 2012)(standard on a motion to dismiss for lack of subject matter jurisdiction "is the same as is applied on a Rule 12(b)(6) motion");  Puerto Rico Tel. Co. v. Telecomm. Regulatory Bd. of Puerto Rico, 189 F.3d 1, 14 n.10 (1st Cir. 1999) ("The standard of review . . . is the same for failure to state a claim and for lack of jurisdiction.").

In determining a motion to dismiss, the Court accepts as true

---

[3]

Shortly after Darche filed his motion for partial summary judgment (Docket # 35) on April 16, 2012, the clerk's office informed him that he had failed to provide a Statement of Undisputed Facts ("SUF"), as required by Local Rule LR Cv 56 (a). On May 22, 2012, after the motion had been fully briefed and referred to the Court for determination, Darche filed a consent motion (Docket # 46) pursuant to which he sought to submit his SUF *nunc pro tunc*.

"the well-pleaded factual allegations of the complaint" and draws "all reasonable inferences therefrom in the plaintiff's favor." Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 6 (1st Cir. 2002); McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006)(holding that, under either standard, the plaintiffs' well-pleaded facts are accepted as true and all reasonable inferences are indulged in their favor).

Dismissal is appropriate "[i]f the well-pleaded facts, evaluated in that generous manner, do not support a finding of federal subject-matter jurisdiction." Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009). In cases involving the FTCA, however, the inquiry is "tilted toward the government's claim of immunity: '[T]he FTCA must be "construed strictly in favor of the federal government, and must not be enlarged beyond such boundaries as its language plainly requires."'" Carroll v. United States, 661 F.3d 87, 94 (1st Cir. 2011)(quoting Bolduc v. United States, 402 F.3d 50, 56 (1st Cir. 2009)(internal citation omitted)).

## IV. The Parties' Positions

(A) The FAA's Motion

The FAA seeks dismissal of Count III of Gitlow's amended cross-claim (alleging property damages and personal injuries) and Global's third-party complaint (seeking indemnification and/or contribution for the amount of its insurance payment to Gitlow) for lack of subject matter jurisdiction. (Docket # 33). The FAA argues

that neither Gitlow now Global submitted an administrative claim to the FAA as required by the FTCA and that, therefore, those claims are now barred by the FTCA's statute of limitations.[4]  Moreover, the FAA asserts that Global is not a proper third-party plaintiff.

According to the FAA, although it received a timely administrative complaint from Kodar and Phoenix in connection with the collision, it received no administrative claim from either Gitlow or Global.  Because an action for personal injuries under the FTCA cannot be maintained without exhausting administrative procedures required by Section 2675(a) of the FTCA, Gitlow's cross claim for personal injuries against the FAA is barred. Moreover, any claim now presented by Gitlow against the FAA for damages sought in Count III of his cross-claim is time-barred.  While Section 2675(a) does not apply to third party complaints, cross-claims, or counterclaims, that provision does not waive the FTCA's two-year statute of limitations.  The FAA also submits that the exception does not apply to Gitlow's independent, affirmative claim for personal injuries and property damages. In addition, Gitlow's claim is not a proper cross-claim under Fed. R. Civ. P. 13(g) because the original action only concerns damage to the Bonanza and thus involves a different subject than Gitlow's cross-claim.

---

[4]
The FAA notes that it is not challenging Gitlow's contribution and indemnity claims at this time because, with respect to those claims, the FTCA statute of limitations begins to run from the date of payment on judgment, not the date of injury.

The FAA rejects Gitlow's characterization of his personal injury claim as a compulsory counterclaim because the FAA is not a plaintiff in this litigation, nor did it bring Gitlow into this action. If Gitlow's claim were to be construed as a compulsory counterclaim, it would nevertheless be barred by the statute of limitations because it was filed too late. In sum, the FAA asserts that Gitlow failed to file a timely claim against the FAA and that he cannot, now, bring an affirmative claim against the FAA simply because another party has sued Gitlow in connection with the collision.

Likewise, the FAA argues that Global's complaint against it is barred by the FTCA's statute of limitations because Global failed to submit a timely administrative claim. The FAA also suggests that Global is not a proper third-party plaintiff in the case because only the FAA and Gitlow were named as defendants in the Complaint. Pursuant to Rule 14 of the Federal Rules of Civil Procedure, only a "defending party" may bring a third-party complaint against a "non-party;" however, Global is not a "defending party" and the FAA is not a "non-party." Moreover, because Global's claim regarding its insurance payment to Gitlow is barred by the statute of limitations, the Court lacks jurisdiction over that claim. Global's attempt to bring a third party claim pursuant to Federal Rule 20(a)(1) is likewise inappropriate because the rule only permits a party to intervene as a plaintiff or

defendant, not as a third-party plaintiff.

(B) Objections by Gitlow and Global

At the outset, Gitlow concedes that he never submitted an administrative claim to the FAA pursuant to Section 2675(a). He contends, however, that his cross-claim for personal injury and property damage is excluded from the administrative filing requirement. Mem. Opp. 4.

Further, Gitlow asserts that the filing of the original Complaint by the Plaintiffs tolled the FTCA's statute of limitations with respect to compulsory counterclaims and cross claims that arise out of the same transaction or occurrence that is the subject matter of the Complaint. Mem. Opp. 2. Specifically, Gitlow suggests that the FTCA's two year statute of limitation applies only to the filing of administrative claims and does not address when a cross claim exempted under Section 2675(a) must be served or filed in district court. According to Gitlow, Section 2401(b) "provides for only two things: (1) it sets the deadline within which administrative claims must be filed in cases where there is a requirement to do so; and (2) it sets a deadline for commencing litigation in court within six months of final denial of an administrative claim." Id. at 5.

Gitlow further argues that the FTCA has no statute of limitations for cross claims and that "compulsory counterclaims are generally covered by the limitations date that is applicable to the

original filing date of the original complaint in the action." Id. 5. In other words, Gitlow contends that the FTCA's two-year statute of limitations is not applicable to his personal injury claim because the statute has been tolled by the original Complaint.

On its part, Global argues that it paid $90,750 to Gitlow and that, as subrogee to Gitlow, "it is entitled to prosecute its contribution and indemnity claims in exactly the same way that Dr. Gitlow would have been entitled to prosecute those claims if Global had not paid Dr. Gitlow." Id. at 3. Global also suggests that the FAA, by not raising in its answer to Global's third-party complaint Global's failure to file a motion to intervene, the FAA "has clearly waived any objection that it may have had to Global's failure to file a motion to intervene." Id. at 10. Global contends that, under Rule 24(a)(2) of the Federal Rules of Civil Procedure, it is "entitled to intervene as a matter of right in this action." Id. at 11. Finally, Global states that it intends to file an objection to Darche's motion to strike Global's third-party complaint. [5] Noting that it intends to file a separate motion for leave to intervene pursuant to Fed. R. Civ. P. 24(a)(2) and to file a third-party complaint against Darche and a cross-claim against

---

[5] As previously noted, on May 3, 2012, Global filed an opposition to Darche's motion to strike and a motion for leave to intervene in this action (Docket ## 39, 40).

the FAA, Global states that "[t]he Court will then have before it a formal Rule 24(a)(2) motion and a pleading that will properly denominate Global's claims against the United States as crossclaims." Id. at 12.

**V. Discussion**

(A) Jurisdictional Requirements under the FTCA

It is well established that the United States is immune from suit unless it has consented to be sued and that "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); Parks v. United States, 784 F.2d 20, 28 (1st Cir. 1986). Under the FTCA, individuals may sue the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). As such, the FTCA constitutes a "limited congressional waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment [similar to private parties in similar circumstances]." Santoni v. Potter, 369 F.3d 594, 601 (1st Cir. 2004). However, this waiver is limited by an "administrative framework that claimants must follow before they can sue under the FTCA." Dynamic Image Tech., Inc. v. United States, 221 F.3d 34, 39 (1st Cir. 2000); S. Rep. No. 89-1327, at

14

2516 (1966)(The purpose of the exhaustion requirement is to allow the government to "investigate, evaluate and consider settlement of a claim," in order to "ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States").

Pursuant to the notice-of-claim provision, 28 U.S.C. § 2675(a), "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied." Id.; see 28 C.F.R. § 14.2. In other words, a plaintiff "may not file a tort claim in district court until (i) the agency finally denies the administrative claim, or (ii) six months pass without a final denial of the administrative claim - whichever comes first." Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 36 (1st Cir. 2006)(Section 2675(a) "prescribes what a claimant must do before bringing an FTCA claim in federal court").

The FTCA also prescribes that '[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues.'" Patterson v. United States, 451 F.3d 268, 270 (1st Cir. 2006)(quoting 28 U.S.C. § 2401(b)). This requirement, which ensures "that the government is promptly presented with a

claim while the evidence is still fresh, is to be strictly construed in the government's favor." Id. ; Barrett ex rel. Estate of Barrett v. United States, 462 F.3d at 36 ("Section 2401(b) limits the time a claimant has to file its administrative tort claim and complaint, respectively.").

Together, the two provisions preclude any plaintiff from bringing a tort claim against the United States without first exhausting his or her administrative remedies in a timely manner. The FTCA's exhaustion requirement "has been viewed as a 'non-waivable jurisdictional requirement' limiting the suit to claims fairly made to the agency." Acosta v. U.S. Marshals Service, 445 F.3d 509, 513 (1st Cir. 2006)(citation omitted). Failure to comply with the two jurisdictional requirements results in the plaintiff's claim being "forever barred." 28 U.S.C. §2401(b).

The sole exception to the requirement of administrative exhaustion applies "to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." 28 U.S.C. § 2675(a). This exception has been narrowly construed. "With respect to counterclaims, the exception only applies to compulsory counterclaims filed in response to affirmative suits by the government which sound in tort. Similarly, the exception only applies to third-party actions under Fed. R. Civ. P. 14 seeking indemnity or contribution from the government; it does not apply to independent actions seeking

indemnity or contribution, nor to third-party claims which are not 'true' Rule 14 impleader actions." 3 Lester S. Jayson and Robert C. Longstreth, <u>Handling Federal Tort Claims</u> § 17.01 p. 17-10.  <u>See also</u> <u>Thompson v. Wheeler</u>, 898 F.2d 406 (3d Cir. 1990)(third party-action pursuant to Federal Rule 14 is not subject to administrative exhaustion).

    (B)  Count III of Gitlow's Cross Claim against the FAA

    Gitlow readily admits that he did not file an administrative claim against the FAA in connection with the plane collision. Gitlow Mem. Obj. at 2.  At the time Gitlow amended his cross claim against the FAA and, for the first time, asserted claims of property damage and personal injury, the two year statute of limitations under Section 2401(b) of the FTCA had long passed.  The collision occurred on June 6, 2008 and those claims were not filed until October 6, 2011 - more than three years later.  Even at the commencement of this litigation by the Plaintiffs on March 22, 2011, Gitlow was already time-barred from seeking administrative relief for his alleged personal injuries and property damages.

    Gitlow now argues that his cross claim against the FAA falls within the exception of Section 2675, to which the Section 2401(b) time limitation does not apply.  Gitlow Mem. Obj. at 5.  Citing no supporting case law for this position, Gitlow also suggests that his cross claim is akin to a compulsory counterclaim.  <u>Id.</u> at 5-6. In other words, Gitlow now seeks to assert in this litigation his

17

own personal tort claim against the FAA which he could not have instituted without first filing an administrative claim under Section 2675(a) in compliance with the timeliness requirement of Section 2401(b).

Although the procedural posture in <u>Rosario v. American Export-Isbrandtsen Lines</u>, 531 F.2d 1227 (3d Cir. 1976), on which the FAA relies, in part, is somewhat different from the instant case, the Third Circuit's reasoning is still applicable. In <u>Rosario</u>, the original plaintiff, an injured merchant seaman, brought a claim against his employer under the Jones Act. The employer joined the United States as a third-party defendant, seeking indemnity or contribution. Subsequently, the plaintiff filed a complaint against the United States under the FTCA. The district court denied the government's motion to dismiss the plaintiff's complaint for failure to file an administrative claim. The Third Circuit reversed, holding that the complaint did not come within the exception of Section 2675(a). <u>Rosario v. American Export-Isbrandtsen Lines</u>, 531 F.2d at 1233 (stating that the "complaint against the United States was not a third-party complaint but rather was a direct, in effect original, complaint by the plaintiff against the third-party defendant"). The Court concluded that, because the appellee/plaintiff "failed to meet the jurisdictional prerequisites to suit under the [FTCA] by filing an administrative claim as required by section 2675(a), his cause of action against

the government should have been dismissed for lack of jurisdiction." Id.  In coming to this conclusion, the Third Circuit considered both the policies underlying the jurisdictional requirement and the reason for the statutory exception:

> Section 2675(a) was enacted in 1966 to improve and expedite the disposition of tort claims against the government by establishing a system of prelitigation administrative consideration and settlement of claims, thereby reducing court congestion and eliminating unnecessary litigation. Pennsylvania v. National Association of Flood Insurers, 520 F.2d 11, 23 n.27 (3d Cir. 1975); Meeker v. United States, 435 F.2d 1219, 1222 (8th Cir. 1970); 2 U.S.C.ode Cong. & Admin.News 2515-20 (1966). To permit appellee to maintain this action against the United States would undermine the important policy in favor of prelitigation administrative review and possible settlements expressed in section 2675(a). Appellee would be able to do indirectly that which he could clearly not do directly. Id. at 1233-1234.

Similarly, in West v. United States, 592 F.2d 487 (8th Cir. 1979), the Eighth Circuit addressed the question of whether the original plaintiffs in a diversity action, in which the United States was made a third-party defendant, could assert a direct claim against the United States under the FTCA without first filing a timely administrative claim.  In West, an infant was injured by a leaking hot water bottle which had been placed in his hospital crib on orders of his attending physician. This event occurred in December 1973. In April, 1974, the infant's parents sued the manufacturer and the seller of the hot water bottle.  During discovery, the parties learned that the physician was an employee of the United States Public Health Services ("USPHS"). In September

1975, nearly two years after the injury, the manufacturer filed a third-party complaint against the hospital, the hospital administrator, and the physician. In December, 1975, the government was substituted for the physician as a third-party defendant. In February and April 1976, the parents sought leave to amend their complaint to assert claims against third-party defendants the government, the hospital, and the hospital administrator. In May, 1976, the government opposed the plaintiffs' motion, arguing lack of jurisdiction for failure to file a timely administrative claim.

The district court permitted the plaintiffs to amend their complaint and to include direct negligence claims against the third-party defendants. A motion by the government to dismiss was denied, as was its subsequent motion for summary judgment. The government then received permission to file an interlocutory appeal and the Eighth Circuit reversed and remanded the case with directions to dismiss for lack of jurisdiction. Id. at 493.

On appeal, the plaintiffs/appellees argued that their amended complaint had been asserted pursuant to Federal Rule 14(a) and that, therefore, it fell within the third-party practice exception of 28 U.S.C. § 2675(a). The government, in turn, suggested that the amended complaint did not fall within that exception because it was a direct and original complaint. Id. 490.

The Eighth Circuit noted, *inter alia*, that the plaintiffs/appellees had been aware of the injury since it occurred;

that the physician had been known to them since the infant's birth; and that the plaintiffs had filed an administrative claim with the Department of Health, Education and Welfare in May 1976 (two years and five months after the injury), which was denied in July 1976. Id. at 490. The Court, agreeing with the reasoning in the procedurally similar positioned Rosario, held that the plaintiffs/appellees' amended complaint was not a proper third-party complaint and that it, therefore, did not fall within the Section 2675(a) exception. Because the plaintiffs failed to file a timely administrative claim, their direct complaint against the government pursuant to the FTCA lacked an independent jurisdictional basis and had to be dismissed. Id. at 491 - 492. The Court concluded that the plaintiffs "may not indirectly establish jurisdiction when they have failed to do so directly under the [FTCA]." Id. at 492.

With respect to the instant case, the Court is persuaded by the rationale in Rosario and West that, although the procedural posture is somewhat different here, Gitlow's cross-claim against the FAA is in the nature of a direct complaint pursuant to the FTCA. As such, it does not fall under the Section 2675(a) exception for cross claims and it requires the filing of a timely administrative claim for this Court to have jurisdiction over the complaint. The requirement to exhaust administrative procedures before filing a claim in this Court is intended to give fair notice to the government and to afford the government the opportunity to

investigate the claim and to consider the possibility of dealing with it administratively, e.g. by settlement. Gitlow was well aware that he could have filed an administrative claim against the FAA after the 2008 collision, but he chose not to do so. Instead, Gitlow's claims of personal injuries and property damage were not asserted against the FAA until after Gitlow had become a defendant in this litigation and Gitlow's insurer asserted claims against Darche and the FAA. By that time, the period for filing an administrative claim had long expired and the opportunity to settle Gitlow's claim or resolve it administratively had passed.

While the original claims brought by Kodar and Phoenix against the FAA and Gitlow deal exclusively with the total loss of the Bonanza, Count III of Gitlow's cross claim against the FAA seeks to add a direct FTCA claim related to the damaged Comanche and, apparently asserted for the first time, physical injuries to Gitlow himself. There is nothing to indicate that the claims filed by Kodar and Phoenix provided notice to the FAA that Gitlow and/or Global would seek monetary damages for Gitlow's alleged personal injuries or damages to the Comanche. Those claims, had Gitlow chosen to bring them separately in October 2011, would have been barred by the administrative exhaustion requirement of 2675(a) and the timeliness requirement of Section 2401 (b). Because it would be unfair to the government and inconsistent with the principles underlying the administrative requirements of the FTCA to allow a

plaintiff to belatedly establish a jurisdictional basis when he has failed to do so directly and as required, the Court concludes that it is without jurisdiction to consider Count III of Gitlow's amended cross claim against the FAA. Therefore, the FAA's motion for partial dismissal is granted.

(C) Global's Third-Party Complaint against the FAA

Count II of Global's third-party complaint (Docket # 21) seeks reimbursement of the amount Global was required to pay to Gitlow for the loss of the Comanche pursuant to an insurance policy Global issued to Gitlow. Counts III and IV seek indemnification and contribution, respectively, from the FAA, should it be determined that the original Plaintiffs were damaged as a result of Gitlow's negligence.

With respect to Count II of Global's third-party complaint, although an insurer that is subrogated to the rights of its insured may maintain an action under the FTCA, United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949), the insurer's claims are limited to only such rights as the insured possesses. United States v. Munsey Trust Co., 332 U.S. 234, 242, 67 S.Ct. 1599, 91 L.Ed. 2022 (1947)("For it is elementary that one cannot acquire by subrogation what another whose rights he claims did not have."). Global's claim suffers from the same infirmity as that asserted by Gitlow, its insured. Neither Gitlow nor Global filed a timely administrative claim for the loss of the Comanche

and, for the reasons already discussed in some detail, those claims lack a jurisdictional basis and are now time barred.

With respect to Global's third-party complaint overall, the FAA's point is well taken that Global could not bring these claims pursuant to Rule 14 of the Federal Rules of Civil Procedure, an assertion which Global does not contest. Rule 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Global, however, was not a party to the original action, and the United States has been a party from the beginning of this litigation, making Rule 14 inapplicable. Global's suggestion that the FAA, in its answer to Global's third-party complaint, did not raise an objection to Global's failure to file a motion to intervene[6], does not serve to overcome this procedural hurdle. The FAA's answer (Docket # 24) to Global's third-party complaint also clearly rejected Global's assertion as a third-party plaintiff on the basis that Global was not a party in this litigation. Moreover, regardless of Global's ability to assert any claim in this litigation, the claims by Gitlow and Global against the FAA for monetary damages related to Gitlow's personal injuries and/or property damage to the Comanche are barred by lack of jurisdiction and the FTCA's statute

---

[6]

At the time the instant motions had ripened for consideration by this Court, Global had not yet filed a motion to intervene pursuant to Federal 24(a)(2).

of limitations.

Because Global cannot assert a third-party complaint against the FAA pursuant to Rule 14(a) and because any claim by Global is limited to claims which Gitlow has the right to assert, the FAA's motion to dismiss Global's third-party complaint is granted and that complaint is dismissed.

## VI. Additional Filings

Since the Court took the FAA's motions under consideration, the procedural history of this litigation has grown in complexity. On May 11, 2012, Darche filed a reply (Docket # 43) in response to Gitlow's objection (Docket # 41) to Darche's motion for partial summary judgment (Docket # 35). On May 21, Darche filed a limited objection (Docket # 44) to Gitlow's motion to amend/correct his third-party complaint (Docket # 42). On the same day, the FAA filed an objection (Docket # 45) to Global's motion to intervene in this litigation. (Docket # 40).

Meanwhile, on May 3, 2012, Global filed a motion for leave to intervene in this action and to file a third-party complaint against Darche and a cross claim against the FAA (Docket #40). The FAA filed an objection (Docket # 45) to Global's motion to intervene on May 21, 2012, and Global filed a reply (Docket # 47) to the FAA's objection on May 31, 2012. In its reply, Global acknowledged that the FAA was not a proper party defendant in a FTCA action and stated that it would omit the FAA from its proposed cross claims against

the United States. Global Reply (Docket # 47) at 2 n. 1.

Further, on May 4, 2012, Gitlow filed a motion (Docket # 42) to amend his third-party complaint against Darche, in order to add separate indemnity and contribution counts to the third-party complaint Gitlow had filed against Darche on October 6, 2011 (Docket # 22). On May 21, 2012, Darche filed a response in opposition (Docket # 44) to Gitlow's motion.

(A) Darche's Motion for partial summary judgment

Darche seeks dismissal of Gitlow's Third-Party Complaint to the extent that it seeks damages from Darche for alleged personal injuries, on the ground that such claims are barred by the Rhode Island statute of limitations, R.I. Gen. Laws § 9-1-14(b). Specifically, Darche states that Gitlow's claim was filed three years and four months after the date of the accident that gave rise to Gitlow's claim. On his part, Gitlow argues that, because "Darche is a principal of KODAR and because he is indemnified and defended by Phoenix and Old Republic, equity requires that the Statute of Limitations" be tolled with respect to Gitlow's personal injury claims now asserted against Darche. As before, Gitlow also suggests that his Third-Party Complaint should be treated as a compulsory counterclaim, subject to tolling. In response, Darche states that, although he is a principal shareholder of KODAR, a limited liability company, he is not synonymous with KODAR as a matter of law. He also points out that Gitlow's claim against him cannot be considered

a compulsory counterclaim and that Gitlow, had he wished to file a personal injury claim against Darche, could have easily done so within three years of the accident.

Because it is undisputed that Gitlow's Third Party Complaint was filed more than three years after the accident during which he suffered the alleged personal injuries, his personal injury claims against Darche are barred by the Rhode Island statute of limitations. Therefore, Darche's motion is GRANTED to that extent.

(B) Gitlow's Motion to Amend/Correct his Complaint

Gitlow states that the purpose of his motion "is simply to add indemnity and contribution claims against Darche." Gitlow Mem. 4 (Docket# 42-1). In his proposed amended complaint, Gitlow seeks indemnification and contribution from Darche, should it be determined that KODAR and Phoenix were damaged as a result of Gitlow's negligence. Proposed Amended Third-Party Complaint ¶¶ 15, 18. In his limited objection to Gitlow's motion, Darche notes that his objection does not extend to Gitlow's claims for indemnity and contribution. However, as previously explained in Darche's motion for partial summary judgment, he seeks dismissal of Gitlow's personal injury claim, on the ground that the claim is barred by the Rhode Island statute of limitations. Darche's Limited Objection 2.

Because Darche does not object to Gitlow's inclusion of indemnity and contribution claims, Gitlow's motion to amend his

Third-Party Complaint is GRANTED with respect to only those counts. However, for the foregoing reasons, Gitlow's personal injury claim against Darche is DISMISSED as time-barred.

(C) Global's Motion to Intervene

Global seeks to intervene in this action as a cross-claimant against the FAA and as a third-party plaintiff against Darche. Global's claims arise from the payment of $90,750 (minus salvage revenue) it made to Gitlow for loss of the Comanche. Global asserts that it is subrogated to Gitlow's rights in this litigation.

The FAA, in its objection to Global's motion, reiterates that the FAA is not a proper defendant in this FTCA case because neither Gitlow nor Global complied with the FTCA's jurisdictional administrative claim requirement. Moreover, Global, in seeking an independent, affirmative recovery of monetary damages for the payment it made to Gitlow, cannot intervene as a third-party plaintiff, cross-claimant, or counterclaimant under the Federal Rules of Civil Procedure. FAA Mem. 4 (Docket # 45-1).

In light of this Court's determination that (1) it is without jurisdiction to consider Gitlow's personal injury claim against the FAA on the ground that Gitlow failed to file a timely administrative claim; and (2) any claim by Global is limited to claims which Gitlow has a right to assert, Global's motion to intervene is DENIED.

## Conclusion

For the reasons stated herein, the FAA's motion for partial

dismissal of Gitlow's amended cross claim (Docket # 22) is GRANTED and Count III of that claim is DISMISSED. The FAA's motion to dismiss Global's third-party complaint (Docket # 21) is GRANTED and that complaint is DISMISSED as well. Darche's motion for partial summary judgment (Docket # 35) is GRANTED with respect to Gitlow's personal injury claims against Darche and that claim is DISMISSED. Gitlow's motion to amend/correct his Third-Party Complaint (Docket # 42) is GRANTED with respect to indemnification and contribution claims against Darche and otherwise DENIED. Global's motion to intervene (Docket #40) is DENIED. In light of this Court's determination regarding Darche's motion for partial summary judgment (Docket # 35), Darche's motion for an extension of time to file an Statement of Undisputed Facts *nunc pro tunc* (Docket # 46) is DENIED as moot.

SO ORDERED.

/s/ Mary M. Lisi_____

Mary M. Lisi
Chief United States District Judge
June 6, 2012